UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE ROUSH,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSEPH LEHMAN, *et al*,<br><br>        Defendants. | Case No. C05-5044RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 18, 2005 |

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. He is not proceeding *in forma pauperis* in this matter. This matter is before the court due to plaintiff's failure to respond to the court's order to serve his complaint and initiate the filing of a joint status report with the court. (Dkt. #10). For the reasons set forth below, the undersigned recommends this matter be dismissed for failure to prosecute.

### DISCUSSION

    Plaintiff filed his civil rights complaint on January 4, 2005. (Dkt. #1). On March 16, 2005, he paid the court filing fee. Because plaintiff paid the court filing fee, he is not proceeding *in forma pauperis* in this matter. Thus, plaintiff is responsible for serving the defendants named in his complaint. See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and Local Rule CR 4(c). Service must be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). Failure to properly serve the summons and

REPORT AND RECOMMENDATION
Page - 1

1  complaint within the above time frame may result in the dismissal of this case without prejudice. Id.

2  As of August 2, 2005, more than 120 days after plaintiff had paid the filing fee, it appeared from
3  the record that the complaint still had not been served on any of the named defendants. Thus, because
4  service of the complaint was by then overdue, the undersigned ordered plaintiff to serve the complaint by
5  no later than September 2, 2005. (Dkt. #10). The undersigned further ordered plaintiff to confer with
6  defendants and provide the court with a joint status report by no later than October 2, 2005. Plaintiff was
7  warned that failure to comply with the court's order could result in the imposition of sanctions. To date,
8  however, it does not appear that the complaint has been served, nor has a joint status report been filed with
9  the court.

10                                              CONCLUSION

11  Because plaintiff has failed to respond to the court's order to show cause directing him to serve the
12  complaint and initiate the filing of a joint status report, the undersigned recommends the court dismiss his
13  complaint for failure to prosecute.

14  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
15  the parties shall have ten (10) days from service of this Report and Recommendation to file written
16  objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
17  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
18  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November
19  18, 2005**, as noted in the caption.

20  The Clerk is directed to send copies of this Order to plaintiff and to counsel for defendants.
21  DATED this 26th day of October, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2